UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONSERVATION NORTHWEST, a Washington non-profit corporation, and CASCADIA WILDLANDS PROJECT, an Oregon non-profit corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>The UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture,<br><br>    Defendant. | NO. CV-05-0220-EFS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER, GRANTING PROPOSED INTERVENOR'S MOTION, RULING ON MOTIONS FOR OVERLENGTH BRIEF, AND SETTING PRELIMINARY INJUNCTION HEARING** |

A telephonic hearing was held in the above-captioned matter on July 25, 2005, to hear Plaintiffs' Motion for Temporary Retraining Order. Karen Lindholdt, Dave Werntz, and Regan Smith appeared on behalf of Plaintiffs. Assistant United States Attorney William Beatty and Julia Jones appeared on behalf of the United States Forest Service. Val Black also represented the Forest Service as counsel for the United States Department of Agriculture. Scott Horngren and Shay Scott appeared on behalf of Boise Building Solutions, the proposed defendant-intervener. The following motions were before the Court: (1) Proposed Defendant's Motion to Intervene, (Ct. Rec. 7), (2) Plaintiffs' Motion for a Temporary Restraining Order, (Ct. Rec. 3), (3) Plaintiffs' Motion for Leave to File

ORDER ~ 1

Overlength Memorandum in Support of Motion for a Temporary Restraining Order, (Ct. Rec. 4), and (4) Defendant's Motion for Leave to File Overlength Memorandum, (Ct. Rec. 16-1), and related motion for expedited hearing, (Ct. Rec. 16-4).  After reading all submitted briefs and relevant law and considering the arguments of counsel, the Court, for the reasons expressed below and at the hearing, **grants** the motion to intervene, **enters** a Temporary Restraining Order, and rules on the page-limitation motions.

**A.    Proposed Defendant's Motion to Intervene**

   **1.    Intervention as of Right**

A non-party may intervene in an action either as a matter of right or with the court's permission if the motion is timely filed.  Federal Rule of Civil Procedure 24(a)(2) allows intervention as of right if:

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*Id.*  Accordingly, to merit intervention of right, an intervening party must demonstrate four conditions: (1) the application is timely, (2) the party has a significantly protectable interest relating to the transaction that is the subject of the action, (3) the disposition of the action may impair or impede the party's ability to protect that interest, and (4) the party's interests are not adequately represented by the existing parties in the suit.  *S.W. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).

Boise Building Solutions fulfills the characteristics to merit intervention of right.  First, the application was timely as Plaintiffs

ORDER ~ 2

filed their complaint on July 21, 2005, and Boise Building Solutions filed the Motion to Intervene on July 25, 2005.  Second, Boise Building Solutions' interest in the timber sale contract, which will be affected by the holding in this case, provides the significantly protectable interest.  *See Portland Audubon Soc'y v. Hodel*, 866 F.2d 302, 309 (9th Cir. 1989).  Third, if the contract is enjoined in this case, Boise Building Solutions  will not be able to recover the value of the timber and, thus, disposition of the case may impede its ability to protect its interests in the sale.  Fourth, Boise Building Solutions' more narrow interests in the timber than the United States Forest Service provides sufficient consideration for the assertion that Boise Building Solutions' interests are not adequately represented.  *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 (1972).  Accordingly, the Court finds Boise Building Solutions may intervene as of right.

### 2.   **Permissive Intervention**

Rule 24 provides for permissive intervention when an applicant's claim or defense and the main action have a question of law or fact in common.  FED. R. CIV. P. 24(b)(2).  The purpose of intervention is to prevent a multiplicity of suits where common questions of law or fact are involved.  Rule 24 is to "be construed and administered to secure the just, speedy, and inexpensive determination of every action."  FED. R. CIV. P. 1.

Boise Building Solutions asserts an interest in the Rollin Rock Project, the subject of this proceeding, and seeks to participate in defending this project in order to guard against a Court order barring the lumber harvest.  Given Boise Building Solutions' interest, the Court

ORDER ~ 3

finds the just, speedy, and inexpensive determination of this case requires Boise Building Solutions to be included in the present case.

For the reasons expressed above, Boise has demonstrated sufficient cause to intervene as of right. Alternatively, this Court also recognizes a basis for permissive intervention. For these reasons, the Court grants Boise Building Solutions' Motion to Intervene.

**B.   Plaintiff's Motion for Temporary Restraining Order**

   **1.   Standard for Issuance**

Plaintiffs are entitled to a temporary restraining order if they demonstrate "(1) a likelihood of success on the merits and a possibility of irreparable injury, or (2) the existence of serious questions on the merits and a balance of hardships tipping in [their] favor." *Nat'l Wildlife Fed'n v. Burlington N. R.R.*, 23 F.3d 1508, 1510 (9th Cir. 1994) (citing *Fund for Animals v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992)). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998) (quoting *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992)). Plaintiffs, as the parties seeking injunctive relief, bear the burden of demonstrating these factors justifying relief by clear and convincing evidence. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 441 (1974).

"Injunctive relief is an equitable remedy, requiring the court to engage in the traditional balance of harms analysis, even in the context of environmental litigation." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 (9th Cir. 1995). The Supreme Court has held

ORDER ~ 4

insufficient evaluation of environmental impact under NEPA does not create a presumption of irreparable injury. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 545 (1987). However, the Court also observed "[e]nvironmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, *i.e.*, irreparable." *Idaho Sporting Congress Inc. v. Alexander*, 222 F.3d 562, 569 (9th Cir. 2000) (citing *Amoco*, 480 U.S. at 545). Therefore, "when the environmental injury is 'sufficiently likely, the balance of harms will usually favor the issuance of an injunction to protect the environment.'" *Id.*

### 2. Application

Plaintiffs seek a Temporary Restraining Order ("TRO") against the United States Forest Service ("USFS") to prevent logging from the contract awarded for the Rollin Rock sale, which is part of the Fischer Fire Project ("FFP"). Plaintiffs assert six grounds for relief: (1) USFS failed to prepare an EIS for the FFP in violation of the National Environmental Policy Act ("NEPA"), (2) USFS failed to disclose and analyze the environmental impacts of the FFP in violation of NEPA, (3) USFS failed to consider a reasonable range of alternatives in violation of NEPA, (4) USFS's authorized snag removal in a managed late-successional area violates the National Forest Management Act ("NFMA"), (5) salvage within the Eagle MSLA for the purpose of economic recovery violates NFMA, and (6) USFS failed to comply with soil standards and guidelines in the LRMP in violation of NFMA. (Ct. Rec. 1)

After reviewing the submitted materials in light of NEPA and NFMA, the Court finds Plaintiffs have raised serious questions on the merits

ORDER ~ 5

and that the balance of hardships, given the significantly likely long-term environmental consequences of Defendants' proposed actions compared with economic benefits of such actions to Defendants, tip in favor of the issuance of a temporary restraining order of such conduct until the Court's ruling on Plaintiffs' Motion for Preliminary Injunction, to be heard on August 25, 2005.  The parties are given leave to file a five-page memorandum by August 5, 2005, clarifying the number of acres proposed to be logged and supplementing their positions in light of the entry of a Temporary Restraining Order.

**C.    Plaintiff's Motion for Leave to File Overlength Memorandum in Support of Motion for a Temporary Restraining Order & Defendant's Motion for Leave to File Overlength Memorandum**

Local Rule 7.1 for the Eastern District of Washington provides "[m]emoranda relating to . . . dispositive motions shall not exceed twenty pages without prior approval of the Court."  *Id*.  The Court agrees, in order to adequately brief the legal issues, Plaintiffs' twenty-eight page memorandum is appropriate.  In addition, the Court gives the Government permission to file a twenty-eight page response; however, not a thirty-nine page response.  Accordingly, the Government's thirty-nine page memorandum is stricken and the Government shall file a twenty-eight page response.  Parties are cautioned further memoranda are restricted to the twenty-page limit.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Proposed Defendant's Motion to Intervene, **(Ct. Rec. 7)**, is **GRANTED.**  The caption is **HEREBY AMENDED** as follows:  CONSERVATION NORTHWEST, a Washington non-profit corporation, and CASCADIA WILDLANDS

ORDER ~ 6

PROJECT, an Oregon non-profit corporation, Plaintiffs, v. The UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture, Defendant, and BOISE BUILDING SOLUTIONS MANUFACTURING L.L.C., a Delaware limited liability company, Defendant-Intervenor.

2. Plaintiffs' Motion for a Temporary Restraining Order, **(Ct. Rec. 3),** is **GRANTED.** A hearing on Plaintiff's Motion for Preliminary Injunction, **(Ct. Rec. 3),** is **SET** for **August 25, 2005, at 10:00 a.m. in RICHLAND.** The parties are given leave to file a five-page memorandum by August 5, 2005, clarifying the number of acres proposed to be logged and supplementing their positions in light of the entry of a Temporary Restraining Order.

3. Plaintiffs' Motion for Leave to File Overlength Memorandum in Support of Motion for a Temporary Restraining Order, **(Ct. Rec. 4),** is **GRANTED.**

4. Defendant's Motion for Leave to File Overlength Memorandum, **(Ct. Rec. 16-1),** is **GRANTED IN PART (leave to file 28-page memorandum) and DENIED IN PART (current thirty-nine-page** Memorandum in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, **(Ct. Rec. 14), is STRICKEN). No other page extensions will be GRANTED.**

5. Defendant's Motion to Shorten Time as to Defendant's Motion for Leave to File Overlength Memorandum, **(Ct. Rec. 16-4),** is **GRANTED.**

///
///
///

ORDER ~ 7

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies of this Order to counsel.

**DATED** this  28th   day of July, 2005.

                         s/ Edward F. Shea
                         EDWARD F. SHEA
                   United States District Judge

Q:\Civil\2005\0220.TRO.wpd

ORDER ~ 8